CHARLIE BRYANT v. THE STATE OF ARKANSAS

5-5413                                              440 S.W. 2d 534

Opinion Delivered May 12, 1969

*Bowie & Boyce* for appellant.

*Joe Purcell,* Atty. Gen. and *Don Langston,* Asst. Atty. Gen. for appellee.

CARLETON HARRIS, Justice.    Appellant, Charlie Bryant, was charged in the Municipal Court of Newport, Jackson County, Arkansas, with the offense of selling intoxicants to a minor, in violation of Ark. Stat. Ann. § 41-1117 (Repl. 1964).    He was also charged with the offense of selling beer on Sunday.    The cases were consolidated for trial, and appellant was found guilty of both charges, and fined $100.00 and costs on each one. Both cases were appealed to the Circuit Court of Jackson County.    In May, 1968, appellant moved to dismiss the charge of violating § 41-1117, asserting that this court had, in April, 1968, in *State* v. *Jarvis,* 244 Ark. 753, 427 S.W. 2d 531, held that this section had been repealed by Act 257 of 1943.    The trial court denied the motion, and the cases were tried by a jury on October 4, 1968. Bryant was found not guilty of the charge of selling beer on Sunday, but the jury deadlocked at 10 to 2 on the remaining charge.    Both appellant and the state agreed to accept a majority verdict, whereupon the jury found Bryant guilty of the charge of selling intoxicants to a minor, Charles McLaughlin, in violation of § 41-1117, and fixed his fine at the sum of $50.00.    From the judgment so entered, appellant brings this appeal.    For reversal, it is asserted that the verdict was contrary to the evidence; that the court erred in denying appellant's motion for a continuance; and that the court was in error in submitting the case to the jury because § 41-1117 had been repealed.

Inasmuch as we agree that § 41-1117 has been repealed, and that the judgment of conviction must be re-

versed on that account, there is no need to discuss the other suggested errors.

Section 41-1117 reads as follows:

"Any person who shall sell or give away, either for himself or another, or be interested in the sale or giving away of any ardent, vinous, malt or fermented liquors, or any compound or preparation thereof called tonics, bitters or medicated whiskey, to any minor, without the written consent or order of the parent or guardian, shall be deemed guilty of a misdemeanor, and on conviction thereof shall be fined in any sum not less than fifty [$50.00] nor more than one hundred dollars [$100]."

In 1941, the General Assembly passed Act 356, Subsection (a) of Section 1 reading, as follows:

"Any person who shall sell, give away, or dispose of intoxicating liquor to a minor, or habitual drunkard or an intoxicated person shall be guilty of a misdemeanor and for the first offense be punishable by a fine of not less than $500.00 nor more than $1,000.00, or confinement for not more than one year in the Arkansas State Penitentiary or both."

Section 6 of this act repealed all laws and parts of laws in conflict, and accordingly, the penalty provision of § 41-1117 was repealed.

In 1943, two acts were passed by the Legislature dealing with this question, the first being Act 218, Section 1 appearing presently as Ark. Stat. Ann. § 48-901 (Repl. 1964). This act specifically repealed Section 1 of Act 356 of 1941, heretofore quoted, and provided the following penalty:

"Any person who shall sell, give away, or dispose of intoxicating liquor to a minor or habitual

drunkard or an intoxicated person shall be guilty of a misdemeanor and for the first offense be punishable by a fine of not less than One Hundred ($100.00) Dollars nor more than Two Hundred and Fifty ($250.00) Dollars, and for the second and subsequent offenses, he shall be guilty of a misdemeanor and punishable by a fine of not less than Two Hundred and Fifty ($250.00) Dollars nor more than Five Hundred ($500.00) Dollars, or by imprisonment in the county jail for not less than six (6) months nor more than one (1) year, or both so fined and imprisoned in the discretion of the court or jury."

Act 218 was approved on March 15, 1943.

The second act passed during this legislative session was Act 257, approved on March 18, 1943. This act, except for one change, retained the penalty in Act 218, differing from that act in that the imprisonment provision reads:

"* * * for not more than one (1) year, or both such fine and imprisonment in the discretion of the jury or court."

In other words, Act 257 simply removed the penalty of imprisonment for not less than six months. Laws in conflict are repealed.

The above is a resume of the acts relating to the sale of intoxicating liquors to a minor, where knowledge of minority is not involved. It would therefore appear that Act 218 (Section 48-901) is the governing statute of such sales (except that the penalty of imprisonment is controlled by Act 257), and controls the sale in the instant case.

*State* v. *Jarvis, supra,* pointed out that so much of Section 41-1117 as was in conflict with Act 257[1] pertaining to the sale of intoxicating liquors to minors had been repealed. The result is that Section 41-1117 presently only covers the sale to minors of any compound called tonics or bitters, and thus, for all practical purposes, has been nullified.

Since the provisions of Section 41-1117 no longer control the sale of intoxicants to a minor, it follows that appellant was erroneously charged, and the judgment of conviction must be reversed.

It is so ordered.

---

[1]Sections 1 and 2 of Act 180 of 1961 appear in the Arkansas Statutes as Section 48-903. This statute deals with the penalty for one who **knowingly** sells or furnishes alcoholic beverages to a minor. The compiler comments that this act supersedes Section 1 of Act 257 of 1943. We think this comment is in error, as Act 180 deals entirely with sales where the seller has knowledge of the minority.

Act 277 of 1967 amended Act 180, including the changing of the penalty.